IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SULAY PUENTE-RIOJAS, § <br> (aka ALEJANDRA MORALES-MARTINEZ), § <br> § <br> *Petitioner*, § <br> § <br> VS. § <br> § <br> PAMELA JO BONDI, United States Attorney § <br> General; KRISTI LYNN NOEM, Secretary of § <br> Homeland Security; SYLVESTER M. ORTEGA, § <br> San Antonio Acting Field Office Director for § <br> Detention and Removal, U.S. Immigration and § <br> Customs Enforcement; and ROSE THOMPSON, § <br> Facility Administrator, Karnes County Immigration § <br> Processing Center, in Their Official Capacities, § <br> § <br> *Respondents*. § | CIVIL ACTION NO. SA-25-CV-1567-FB |

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Sulay Puente-Riojas' (aka Alejandra Morales-Martinez) ("Petitioner") Petition for a Writ of Habeas Corpus (docket no. 1), and the Federal Respondents' response (docket no. 5)  After careful consideration, the petition (docket no. 1) is **GRANTED IN PART** as set forth herein.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Respondents are **DIRECTED** to **RELEASE** Petitioner Sulay Puente-Riojas (aka Alejandra Morales-Martinez) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place no later than **10 a.m. on Tuesday, December 23, 2025;**

2.   Respondents must **NOTIFY** Petitioner's counsel by email [Javier N. Maldonado, jmaldonado.law@gmail.com and/or by an in-person telephone conference at (210) 277-1603] of the

exact location and time of Petitioner's release as soon as practicable and **at least two hours before her release**; and may contact Petitioner's counsel to obtain Petitioner's A-Number to help expedite her release;

3. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that she be afforded a bond hearing;

4. Respondents shall **FILE** a status report **no later than 5: p.m. on Tuesday, December 23, 2025,** confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case; and

5. Petitioner's request for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 is DENIED

## BACKGROUND

Petitioner Sulay Puente-Riojas is a nation and citizen of Mexico who entered the United States without inspection on or about August 1, 2006. (Notice to Appear [#1-1] at 2.) It is undisputed that Petitioner has resided in the United States for nearly 20 years. (Pet. [#1], at ¶ 18; Resp. [#5], at 1.) Petitioner alleges that Immigration and Customs Enforcement ("ICE") officers entered her home without a warrant on October 30, 2025, and detained her. *Id*. at ¶ 12. Thereafter, ICE initiated removal proceedings against her for presence in the United States without admission or parole. (Notice to Appear [#1-1] at 2.)

Petitioner requested a custody redetermination and, on November 18, 2025, the Immigration Judge issued an order denying Petitioner's request for bond without a hearing. (Order of Immigr. J. [#1-1], at 7.) The Immigration Judge concluded that the Immigration Court lacked jurisdiction to redetermine custody pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) and that Petitioner is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Id*.

Petitioner filed her petition for a writ of habeas corpus on November 24, 2025, seeking release from detention or, in the alternative, a bond hearing before an immigration judge. Respondents Kristi Noem, Pamela Bondi, and Sylvester Ortega ("Federal Respondents") have filed a response in opposition to Petitioner's habeas corpus petition.

## DISCUSSION

The parties dispute whether the Court has jurisdiction to order the relief Petitioner has requested and whether Petitioner is entitled to that relief on the merits. Because this case presents a similar factual context and the same legal issue as cases that this Court has recently resolved, the Court finds that it has jurisdiction over Petitioner's habeas corpus petition and that Petitioner is entitled to release.

### A.   No Jurisdictional Bar to Considering Petitioner's Request for Habeas Relief.

Federal Respondents argue that provisions of the Immigration and Nationality Act ("INA") strip the Court of jurisdiction over Petitioner's claims. Federal Respondents construe Petitioner's claims as (1) challenging ICE's initial decision to commence removal proceedings against her in violation of 8 U.S.C. § 1252(g) and the Supreme Court's holding in *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018); and (2) seeking review of questions of law and fact that must first be raised before an immigration judge upon review of a final order of removal in violation of 8 U.S.C. §§ 1225(b)(4) and 1252(b)(9).

Petitioner's challenge to her detention is based on whether the INA's mandatory detention provision, 8 U.S.C. § 1225(b)(2), has been unconstitutionally applied to her. Federal Respondents have conceded that this case is factually analogous to *Vasquez Avila v. Noem, et. al.*, 5:25-CV-1363-FB-ESC (W.D. Tex. Nov. 25, 2025), and *Becerra Vargas v. Bondi, et. al.*, 5:25-CV-01023-FB-HJB (W.D. Tex. Nov. 12, 2025)—two cases in which this Court ruled on this same statutory interpretation issue. (Resp. [#5] at 11.)

In *Becerra Vargas*, this Court explained that the Supreme Court has not read § 1252(g) to strip this Court's jurisdiction over all claims that "arise from" decisions or actions by the Attorney General to commence removal proceedings, adjudicate cases, or execute removal orders against noncitizens. <u>Report and Recommendation of United States Magistrate Judge</u>, Dkt. No. 18, *Becerra Vargas v. Bondi et al*, 5:25-CV-01023-FB-HJB, at *3-*4 (W.D. Tex. Nov. 12, 2025). Furthermore, § 1252(b)(9) does not apply where a petitioner challenges her ongoing detention during the pendency of her removal proceedings. *Id.* at *5 (citing *Jennings*, 583 U.S. at 294). Here, as in *Becerra Vargas*, this Court has jurisdiction over Petitioner's challenge to her detention while she remains in removal proceedings.

**B.    Petitioner's Entitlement to Habeas Relief.**

Petitioner's habeas corpus petition asserts, among other arguments, that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Because the Court concludes that relief is warranted on Petitioner's argument concerning the application of § 1225(b)(2), her remaining arguments will not be addressed.

Petitioner's statutory challenge to her ongoing detention turns on whether 8 U.S.C. § 1225(b)(2) or § 1226(a) applies in her case. If the former provision applies, Petitioner's detention is mandatory during the pendency of her removal proceedings; if the latter provision applies, Petitioner's detention is discretionary, and she is entitled to a bond hearing by an immigration judge. Many courts, both within and outside this District and Circuit, have addressed this issue and argument. *See, e.g.*, *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025) (collecting cases, including in the Fifth Circuit); *Bethancourt Soto v. Soto*, ___ F. Supp. 3d ___, No. 25-CV-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases). The vast majority of district courts, including this Court and others in the San Antonio Division of the Western

District of Texas, have agreed with Petitioner's argument and held that § 1226(a), not § 1225(b)(2), applies to applicants for admission under the INA who have resided in the United States for many years. Report and Recommendation of United States Magistrate Judge, Dkt. No. 18, *Becerra Vargas v. Bondi et al*, 5:25-CV-01023-FB-HJB, at *7-*8 (W.D. Tex. Nov. 12, 2025), *report and recommendation adopted*, No. SA-25-CV-1023-FB, 2025 WL 3300141 (W.D. Tex. Nov. 26, 2025); *see Jaimes v. Lyons, et al.*, 5:25-CV-1700-FB (W.D. Tex. Dec. 18, 2025) (docket no. 7). Accordingly, the Court can resolve this issue without repeating the extensive analyses contained in these orders and opinions and instead may "simply note[] its agreement." *Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *3 (S.D. Tex. Oct. 3, 2025) (quoting *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025)).

Having determined that the INA's mandatory detention provision does not apply to Petitioner's case, the Court next considers the appropriate remedy. Respondents assert that the only relief available to Petitioner through habeas is release from custody. In factually analogous cases previously before this Court, including *Vasquez Avila, Becerra Vargas*, and *Jaimes*, this Court determined that the appropriate remedy was to order Petitioner's release. Therefore, this Court will order the same relief in the instant case. Petitioner also requests an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. That request will be DENIED because "the EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions." *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 553 (2024).

### III.  Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus filed by Petitioner Sulay Puente-Riojas [docket no. 1] is **GRANTED IN PART** such that

Respondents are **ORDERED** to release Petitioner from their custody as set forth herein:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Sulay Puente-Riojas (aka Alejandra Morales-Martinez) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place no later than **10 a.m. on Tuesday, December 23, 2025;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Javier N. Maldonado, jmaldonado.law@gmail.com and/or by in-person telephone conference at (210) 277-1603] of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before her release**; and may contact Petitioner's counsel to obtain Petitioner's A-Number to help expedite her release;

3. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that she be afforded a bond hearing;

4. Respondents shall **FILE** a status report **no later than 5 p.m. on Tuesday, December 23, 2025,** confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case; and

5. Petitioner's request for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 is DENIED.

A final judgment will issue separately.

It is so ORDERED.

SIGNED this 19th day of December, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE